Filed 12/19/25  P. v. Hazelwood CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>LEE HAZELWOOD IV,<br><br>        Defendant and Appellant. | A171233<br><br><br>(Contra Costa County<br>Super. Ct. No. 050900662) |

Defendant, Lee Hazelwood IV, appeals from the trial court's denial of his petition for resentencing pursuant to Penal Code section 1172.6.[1]  His appointed appellate counsel filed a brief raising no issues on appeal and asking us to exercise our discretion to conduct an independent review of the record pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*).  Defendant thereafter exercised his right to file a supplemental brief raising issues for our consideration.  Having reviewed defendant's supplemental brief and the record on appeal in accordance with the procedures set forth in *Delgadillo*, we dismiss his appeal.

---

[1] Unless otherwise stated, all statutory citations herein are to the Penal Code.

## FACTUAL AND PROCEDURAL BACKGROUND

On January 16, 2009, defendant was charged by information with the murder of Jumaane Edwards (§ 187; count one), with an enhancement alleged for discharging a firearm causing great bodily injury and death (§ 12022.53, subds. (b)–(d)), and being a felon in possession of a firearm (former § 12021, subd. (a)(1); count two).

A preliminary hearing was held on January 13 and 14, 2009. Three witnesses testified, including Inty P., who had been romantically involved with the victim, Edwards, on and off for 15 years and shared two children with him. Inty testified that she and defendant were romantically involved during a break in her relationship with Edwards. However, she and Edwards had recently reconciled, and she told defendant their relationship was over.

On the night in question, Inty heard Edwards talking to defendant by a dumpster outside her apartment. In her testimony, Inty described seeing defendant "lift up his hand and with a gun and he started shooting." She heard multiple gunshots and saw flashes.[2] She then saw Edwards, who was unarmed, attempting to run away. However, shot, Edwards fell to the ground, where Inty found him with blood coming from an unknown source.

On September 22, 2009, defendant agreed to resolve the charges through a negotiated plea. The information was amended to charge voluntary manslaughter pursuant to section 192, subdivision (a) in a new count three with a firearm use enhancement alleged pursuant to section 12022.5, subdivision (a). Defendant then pleaded no contest to counts two

---

[2] Defense counsel cross-examined Inty regarding whether she actually saw defendant holding a gun. Inty acknowledged that during her first police interview she stated that she only saw flashes, not a gun. However, during her second interview she indicated that she saw a gun. Inty testified that she determined that she saw a gun after thinking more about the shooting.

and three in exchange for dismissal of count one and a prison term of 21 years 8 months, consisting of the upper, 11-year term on the manslaughter charge; the upper, 10-year term on the firearm enhancement; and the consecutive eight-month term (one-third the two-year middle term) on count two. Thus, on October 19, 2009, count one was dismissed and defendant was sentenced to the agreed-upon term.

On March 2, 2023, defendant filed a petition for resentencing pursuant to section 1172.6 in which he checked a box indicating that "[an] information . . . was filed against me that allowed the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, or attempted murder under the natural and probable consequences doctrine. (Pen. Code, § 1172.6, subd. (a)(1).)"[3] On March 17, 2023, the court appointed counsel to represent him.

---

[3] Section 1172.6 provides: "(a) A person convicted of felony murder or murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, attempted murder under the natural and probable consequences doctrine, or manslaughter may file a petition with the court that sentenced the petitioner to have the petitioner's murder, attempted murder, or manslaughter conviction vacated and to be resentenced on any remaining counts when all of the following conditions apply:

"(1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, or attempted murder under the natural and probable consequences doctrine.

"(2) The petitioner was convicted of murder, attempted murder, or manslaughter following a trial or accepted a plea offer in lieu of a trial at

After briefing, the trial court issued an order to show cause on January 31, 2024. On June 14, 2024, after additional briefing, the trial court took defendant's petition under submission. The court also accepted the prosecution's offer of the transcript from defendant's preliminary hearing, as well as the transcript from his November 2022 parole hearing. In the latter transcript, defendant described Edwards's killing as a "selfish act of taking [Edwards's] life with no, no regard for him or his family or my family or the community." Defendant also responded, "Yes, sir," when a Board of Parole Hearings member later asked him, "[A]s you were pulling the trigger, did you intend to kill him?"

On July 31, 2024, the trial court filed a written order denying defendant's petition. Defendant filed a timely notice of appeal.

## DISCUSSION

We exercise our discretion under *Delgadillo* to consider defendant's appeal in light of his filing a supplemental brief. (*Delgadillo, supra*, 14 Cal.5th at pp. 231–232 [when a defendant seeks postjudgment resentencing relief and counsel files a brief raising no issues, record review is discretionary and, if the defendant does not file a supplemental brief, reviewing court may dismiss the appeal as abandoned].)

Below, defendant argued the trial court could not properly rely on his preliminary hearing transcript to find proof beyond reasonable doubt that he committed murder or voluntary manslaughter under current law because "[t]he fact that [he] does not contest particular facts at a preliminary hearing

---

which the petitioner could have been convicted of murder or attempted murder.

"(3) The petitioner could not presently be convicted of murder or attempted murder because of changes to Section 188 or 189 made effective January 1, 2019."

4

does not mean [he] agrees that those facts are true." He further argued the court could not rely on statements he made during his 2022 parole hearing because they were untrustworthy and, thus, inadmissible.

The trial court disagreed. And, based on the evidence presented, including the preliminary and parole hearing transcripts, the court denied defendant's petition on the grounds that as the actual killer he was ineligible for resentencing as a matter of law.

In supplemental briefing on appeal, defendant reiterates his previous arguments before the trial court, to wit, that the court erred by relying on the preliminary hearing transcript and the parole hearing transcript to deny his petition.

Having now exercised our discretion to review the record, including defendant's supplemental brief, we affirm. As the trial court noted, under section 1172.6, subdivision (d)(3), "the court may consider evidence previously admitted at any prior hearing or trial that is admissible under current law, including witness testimony, stipulated evidence, and matters judicially noticed." (§ 1172.6, subd. (d)(3).) "Although section 1172.6, subdivision (d)(3) does not contain express language stating that a preliminary hearing transcript is admissible at the evidentiary hearing, a plain reading of the statute compels this conclusion." (*People v. Davenport* (2023) 95 Cal.App.5th 1150, 1158.)

The trial court was also entitled to consider defendant's statements during his 2022 parole hearing. (*People v. Anderson* (2022) 78 Cal.App.5th 81, 93 [court did not err in considering testimony from defendant's parole suitability hearings, in denying his resentencing petition]; accord, *People v. Myles* (2021) 69 Cal.App.5th 688, 704–711; *People v. Duran* (2022) 84

Cal.App.5th 920, 930–932 [court properly considered defendant's statements in his parole risk assessment report].)

When confronted with this evidence at the hearing on his petition, defendant failed to offer, or even to suggest, any facts to support his implied theory that he was merely an accomplice and not the person who shot and killed Edwards. Nor does he do so on appeal. He merely repeats his claims, which we reject, that the court relied on improper facts to deny relief.

Thus, on this record, we conclude the trial court properly found that defendant, as the sole and actual perpetrator of Edwards's killing, is ineligible for resentencing as a matter of law. (*People v. Garcia* (2022) 82 Cal.App.5th 956, 969–973 [affirming denial of resentencing petition when the record of conviction "unequivocally establishe[d]" defendant was the sole perpetrator and actual killer]; *People v. Myles, supra*, 69 Cal.App.5th at pp. 692–694 [affirming denial of resentencing petition when defendant admitted at parole suitability hearing that she was actual killer, such that defendant was " 'directly liable' " and " 'not vicariously liable' "]; *Delgadillo, supra*, 14 Cal.5th at p. 233 [defendant was "not entitled to any relief under section 1172.6" since he "was the actual killer and the only participant in the killing"].) The order stands.

## DISPOSITION

The appeal is dismissed.

Jackson, P. J.

WE CONCUR:

Simons, J.
Chou, J.

A171233/*People v. Lee Hazelwood IV*

6